IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN MCCORD,

                                                            ORDER

                Plaintiff,

                                                        09-cv-227-bbc

      v.

BRADLEY HOMPE;
CHERYL WEBSTER, Program Director;
and STEVE MOHR,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for injunctive relief brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000c-1. Plaintiff Jonathan McCord contends that the warden and members of the chapel staff at the Stanley Correctional Institution in Stanley, Wisconsin, have denied plaintiff his right to freely exercise and practice his religion.  Specifically, plaintiff alleges that the segregation library at the institution does not have books on the Wiccan religion and that defendants are not allowing him to have books on the Wiccan religion.

      Originally, plaintiff filed this case in the Circuit Court for Chippewa County, Wisconsin.  Defendants promptly removed the case to this court under 28 U.S.C. § 1446(a),

1

contending that this court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Although plaintiff filed a motion to remand, dkt. #7, I denied his motion because it was without merit and his claims clearly arose under federal law. Therefore, this court had original jurisdiction over these claims.

However, because plaintiff is a prisoner, plaintiff's complaint must be screened before he may be allowed to proceed on his claims. 28 U.S.C. § 1915A(a). The 1996 Prison Litigation Reform Act requires the court to deny plaintiff leave to proceed if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). At the same time, plaintiff is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

I conclude that plaintiff's complaint must be dismissed for lack of a case or controversy. This is because on May 23, 2009, plaintiff advised the court that he had been transferred from the Stanley Correctional Institution to the Waupun Correctional Institution in Waupun, Wisconsin, dkt. #9, where he presently remains confined. He suggests no reason to believe he will be returned to the Stanley Correctional Institution in the near future.

2

To satisfy the Article III case or controversy requirement for requests for injunctive relief, it must appear that the injury about which the petitioner complains is continuing or that the petitioner is under an immediate threat that the injury complained of will be repeated. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects"). A claim becomes moot when the issues presented are no longer live or the parties lack an interest in the outcome that the law recognizes as actionable. <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982); <u>Stotts v. Community School Dist. No. 1</u>, 230 F.3d 989, 990 (7th Cir. 2000). Because plaintiff is no longer at Stanley and there is no indication that he will be returned there, his alleged injuries cannot be remedied by any decision of this court. <u>Young v. Lane</u>, 922 F.2d 370, 373-74, n.8 (7th Cir. 1991) (plaintiffs' requests for injunctive and declaratory relief regarding their exercise of religion are mooted by their transfer from institution where allegedly illegal restrictions took place without a strong showing that they are likely to be transferred back to that institution).

Also, in his complaint, plaintiff repeatedly contends that he is filing this case on his behalf as well as all others similarly situated. To the extent plaintiff is attempting to bring his claim as a class action on behalf of other Wiccan inmates at Stanley, his complaint still fails because his complaint does not establish that he had a present case or controversy with

3

the defendants.  <u>O'Shea v. Littleton</u>, 414 U.S. 488, 494 (1974) ("Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").  Therefore, plaintiff's complaint will be dismissed without prejudice. <u>Porco v. Trustees of Indiana University</u>, 453 F.3d 390, 394-95 (7th Cir. 2006)("[I]t is well-settled that a federal court 'has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'").  In the event that plaintiff is returned to the Stanley Correctional Institution, he may file a new complaint.


ORDER

IT IS ORDERED that plaintiff Jonathan McCord's complaint that defendants Bradley Hompe, Cheryl Webster and Steve Mohr violated his rights to free exercise of his

religion under the First Amendment and his rights under the Religious Land Use and

Institutionalized Persons Act, 42 U.S.C. § 2000c-1, is DISMISSED without prejudice as

moot.  The clerk of court is directed to close this case.

Entered this 5th day of June, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5