IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN MCCORD,

                                                  ORDER

                Plaintiff,

                                           09-cv-227-bbc

    v.

BRADLEY HOMPE;
CHERYL WEBSTER, Program Director;
and STEVE MOHR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 5, 2009, I dismissed without prejudice plaintiff Jonathan McCord's complaint alleging that defendants Bradley Hompe, Cheryl Webster and Steve Mohr violated his rights to free exercise of his religion under the First Amendment and rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000c-1. Because plaintiff requested injunctive relief, his complaint became moot when he was transferred from the institution where the alleged events took place.

Now before the court is plaintiff's notice of appeal. Because he has not paid the $455 fee for filing a notice of appeal, I construe the notice as including a request for leave to proceed in forma pauperis on appeal. Plaintiff's request will be denied because I am

1

certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith where a plaintiff is appealing the same claims the court found to be without legal merit in denying plaintiff leave to proceed on his complaint. See Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Plaintiff is trying to appeal the same claims I have found to be moot because he is no longer at the institution where the alleged incidents occurred. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that plaintiff intends to present on appeal. Also plaintiff's motion must be accompanied by a copy of this order. Plaintiff should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If plaintiff does not file a motion requesting review of this order, the court of appeals may not address this court's denial of leave to proceed in forma pauperis on appeal. Instead, it will require

plaintiff to pay the entire $455 filing fee before it considers his appeal. If plaintiff fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #11, is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 23rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge